878 F.2d 1430
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald DICK, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION, Defendant-Appellee.
 No. 88-2217.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 6, 1989.
Decided June 30, 1989.
Rehearing Denied July 27, 1989.
 
 Ronald Dick, appellant pro se.
 Larry David Adams, Office of the United States Attorney, for appellee.
 Before MURNAGHAN, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald Dick filed a complaint alleging that he was entitled to reinstatement to his former position, or a comparable position, with the Social Security Administration (SSA). Dick had retired from the SSA in 1975 because of a medical disability.
 
 
 2
 A United States Magistrate recommended dismissal, for lack of jurisdiction, of the claim that failure to reinstate constituted a "prohibited personnel action" under 5 U.S.C. Sec. 2302. The magistrate stated that review of such a claim must be sought through the Merit Systems Protection Board's Office of Special Counsel (OSC). The district court adopted the report and recommendation and dismissed the action.
 
 
 3
 Dick then took the matter to the OSC. When he received an unfavorable decision from the OSC, Dick filed a "Motion to Reopen Case" in the district court. The motion was denied, and Dick appeals.
 
 
 4
 We construe Dick's Motion to Reopen Case as a motion pursuant to Fed.R.Civ.P. 60(b). This Court's standard of review in considering the district court's disposition of such a motion is whether there was an abuse of discretion. Transportation, Inc. v. Mayflower Services, 769 F.2d 952, 954 (4th Cir.1985). We hold that there was no abuse of discretion in this case.
 
 
 5
 The action complained of was the SSA's alleged failure to reinstate Dick in 1986. He made this claim on the basis of a letter from the SSA stating that budgetary constraints made his chances of reinstatement poor. This certainly does not constitute an adverse personnel action, 5 U.S.C. Sec. 7512, that would ultimately be subject to review by the courts. Nor, contrary to Dick's assertion, is it a "prohibited personnel action," 5 U.S.C. Sec. 2302, that would be subject to court scrutiny for the sole purpose of determining whether the OSC had made an adequate inquiry into the matter. The action thus would fall into the category of minor personnel actions that are subject neither to OSC nor judicial review. See Pinar v. Dole, 747 F.2d 899, 910 (4th Cir.1984), cert. denied, 471 U.S. 1016 (1985).
 
 
 6
 The district court correctly concluded that it lacked jurisdiction to address the reinstatement issue. Thus, the denial of the Rule 60(b) motion was not an abuse of discretion. We accordingly affirm that decision.
 
 
 7
 As the dispositive issues have recently been authoritatively decided, we dispense with oral argument.
 
 
 8
 AFFIRMED.